kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA L. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JO HUMBLE, CHIEF OF POLICE, | ) |
| LT. BRADLEY, SABRINA GETTLER, | )  Case No. 07-2452-JAR |
| ED RUTHERFORD, COFFEYVILLE | ) |
| POLICE DEPARTMENT, and JEFF | ) |
| MORRIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court now considers defendants' Motion to Dismiss or Transfer (Doc. 5). The matter is fully briefed and the Court is ready to rule. For the reasons set forth below, defendants' motion to dismiss is granted.

**Background**

Plaintiff Melissa Phillips brings this action pro se claiming a number of state law claims. Plaintiff brings an action against Jo Humble, the Chief of Police; Lieutenant Bradley; Sabrina Gettler; Ed Rutherford; Jeff Morris; and the City of Coffeyville ("defendants") for negligence, malicious prosecution, false arrest, trespass, intentional infliction of emotional distress, defamation, libel, slander, sexual battery, fraud, negligent handling of sewage, and vicarious liability on behalf of the city. At the onset, the Court notes that defendant Jeff Morris is the City Manager; and defendants Sabrina Gettler and Lieutenant Bradley are city police officers. Defendant Ed Rutherford is not mentioned at all in the body of the complaint, although perhaps he is the same person identified as "officer Rucker" in the complaint. Defendant Rutherford is

apparently a city employee as well, since he is represented by the same counsel as the other defendants in this action.   Additionally, the complaint refers to Stephanie Richardson, City Treasurer, in a claim for "fraudulent use of city's position and funds," even though she is not listed in the caption of the case.  Nonetheless, defendants move for dismissal asserting that plaintiff's complaint lacks a statement of the grounds on which this Court's jurisdiction stands and that plaintiff failed to provide notice as required by K.S.A. § 12-105(b).

**Discussion**

Defendants assert two reasons why this case should be dismissed: (1) plaintiff's complaint lack any statement upon which the jurisdiction of this Court is invoked; and, (2) plaintiff failed to provide notice to the City of Coffeyville of her intention to bring an action as required by K.S.A. § 12-105b.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a claim for relief must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a) is designed to give the defendant adequate notice of what grounds plaintiff's claim stands.[1]  Plaintiff's complaint does not provide such a statement.  Plaintiff lists her claims as ones for negligence, trespass, intentional infliction of emotional distress, defamation, libel, slander, and fraud, but does not provide a Rule 8(a) statement of the grounds for this Court to exercise either original jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff responds that she has presented a claim for illegal search under the Fourth Amendment; however, after reviewing the list of claims and the entirety of plaintiff's complaint, illegal search does not appear.  What does appear are claims under 42 U.S.C. § 1983

---

[1] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

for violation of plaintiff's First Amendment and Forth Amendment rights[2].

In plaintiff's complaint, she asserts that Coffeyville officers used excessive force in arresting her. She claims that after attending a town hall meeting, she was prevented from speaking and that the officers "used excessive force in handling [her] rather than giving [her] a direct order." Furthermore, she claims that on July 25, 2007, she was denied the "equal opportunity to speak, and when she began to speak aloud she was arrested without "having [her] [M]iranda rights read." Reading plaintiff's complaint liberally as a district court must do,[3] the Court finds that all these statements provide grounds for violation of plaintiff's Forth Amendment right and retaliation in violation of plaintiff's First Amendment right all under 42 U.S.C. § 1983. As such, this Court has jurisdiction based on 28 U.S.C. § 1331.

Plaintiff's complaint, however, should be dismissed for failure to abide by K.S.A. § 12-105b(d). Defendants claim that the complaint should be dismissed because plaintiff has failed to abide by the statutory notice requirement of K.S.A. § 12-105b(d), which provides: "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . with the clerk or governing body of the municipality." The notice requirement is a condition precedent to bringing a tort claim against a municipality.[4] Plaintiff does not claim that a notice was filed in accordance with the statute; rather, plaintiff contends that notice for her claims is not required, relying on *Miller v.*

---

[2] Plaintiff's claim Forth Amendment claim surrounds the use of excessive force, not illegal search as plaintiff contends.

[3] *Green v. Dorell*, 969 F.2d 9115, 916 (10th Cir. 1992).

[4] *Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996).

*Brungardt.*[5]  Plaintiff's contention is incorrect.  In *Miller*, the court held that § 12-105(b) notice is required where a claim is brought against a municipal employee who committed the alleged actions within the scope of his or her employment.[6]  The Court then determined that the sexual harassment did not occur within the scope of the defendants' employment, and therefore, the notice requirement of § 12-105(b) was not mandatory.[7]  Here, the notice requirement is required because plaintiff's allegations are that the alleged acts occurred within the scope of defendants' employment.

Next, Plaintiff seems to argue that service of process on defendants substantially complied with the statutory requirements.  Plaintiff relies on *Orr v. Heiman,*[8] which held that a demand letter detailing the plaintiff's claims sent to the superintendent of the school district substantially complied with the statutory notice requirement of § 12-105(b) because the superintendent had "charge and control of the public schools" as required by the statute.[9]  Here, plaintiff failed to send any demand to any defendant in this case.  Simply relying on the service of process in this case is not substantial compliance with § 12-105(b).  Accordingly, plaintiff's complaint is dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Dismiss (Doc. 5) is **GRANTED** and Defendant's Motion to Transfer (Doc. 5) is **MOOT**.

**IT IS SO ORDERED**.

---

[5] 916 F. Supp. 1096 (D. Kan. 1996).

[6] *Id.* at 1100.

[7] *Id.* at 1101.

[8] 12 P.3d 387 (Kan. 2000).

[9] *Orr*, 12 P.3d at 390.

Dated this 18th day of December 2007.

          S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**