kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA L. PHILLIPS,** ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| **JO HUMBLE, CHIEF OF POLICE,** ) | Case No. 07-2452-JAR |
| **LT. BRADLEY, SABRINA GETTLER,** ) | |
| **ED RUTHERFORD, COFFEYVILLE** ) | |
| **POLICE DEPARTMENT, and JEFF** ) | |
| **MORRIS,** ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff/appellant's Motion for Leave to Proceed *In Forma Pauperis* Without Prepayment of Costs or Fees (Doc. 16).

28 U.S.C. § 1915 allows the court to authorize commencement of a civil action "without prepayment of fees or security therefore, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2] This is especially true in civil cases wherein the courts should grant the privilege "sparingly."[3]

When a party seeks to appeal *in forma pauperis*, Rule 24 of the Federal Rules of Appellate Procedure directs that the party file such motion in the district court. The party must attach to the motion an affidavit that, *inter alia*, "shows in the detail prescribed by Form 4 of the

---

[1] *Barnett ex rel. Barnett v. N.W. Sch.*, No. 00-2499-KHV, 2000 WL 1909625 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[2] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[3] *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001).

Appendix of Forms the party's inability to pay or give security for fees and costs."[4]  In turn, Form 4 of the Appendix of Forms requires a party to provide information regarding: (1) his income and the sources thereof; (2) his employment history; (3) the amount of cash he has; (4) his assets including homes and motor vehicles; (5) all money owed to him by others; (6) individuals he supports financially; (7) his average monthly expenses; and (8) any attorney's fees paid in connection with the case.[5]

     Plaintiff's affidavit of financial status indicates that she is currently an unemployed student without a monthly income.  Though plaintiff was receiving income from her rental property, that rental property has since been destroyed by a flood and she has stopped receiving money for that property.  Finally, as with student loans, plaintiff is confined to a strict budget to complete her studies and meet her other financial obligations.  As such, the Court finds that plaintiff is financially unable to meet the fee requirements for appeal and her motion to proceed *in forma pauperis* is granted.

     **IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed on appeal *in forma pauperis* (Doc. 16) is **GRANTED.**

     **IT IS SO ORDERED.**

     Dated this 24th day of March 2008.

     S/ Julie A. Robinson  
     **Julie A. Robinson**  
     **United States District Judge**

---

[4] Fed. R. App. P. 24(a)(1).

[5] Fed. R. App. P. Form 4.